IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

19-CR-6141 CJS

JUSTIN CHANNELL,

Defendant.

## PLEA AGREEMENT

The defendant, JUSTIN CHANNELL, and the United States Attorney for the Western District of New York (hereinafter the "government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and to plead guilty to a one count Information, which charges a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2) (Possession of Child Pornography Involving a Prepubescent Minor Following a Prior Conviction), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life.  The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that the Court may also impose an assessment of not more than $17,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A.

3.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victims as determined by the Court.  The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

4.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

5.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is

2

employed; and where the defendant is a student. The defendant understands the requirements

for registration include providing the defendant's name, residence address, and the names and

addresses of any places where the defendant is or will be an employee or student, among other

information. The defendant further understands that the requirement to keep the registration

current includes informing at least one jurisdiction in which the defendant resides, is an

employee, or is a student, not later than three (3) business days after, any change of the

defendant's name, residence, employment, or student status. The defendant has been advised

and understands that failure to comply with these obligations subjects the defendant to

prosecution for failure to register under federal law, Title 18, United States Code, Section

2250, which is punishable by imprisonment, a fine, or both.

## II.    ELEMENTS AND FACTUAL BASIS

6.    The defendant understands the nature of the offense set forth in ¶ 1 of this

agreement and understands that if this case proceeded to trial, the government would be

required to prove beyond a reasonable doubt the following elements of the crime:

a.    the defendant knowingly possessed material that contained an image of
child pornography;

b.    such child pornography had been mailed, shipped, or transported in or
affecting interstate or foreign commerce by any means, including by
computer, or was produced using materials that had been mailed,
shipped, or transported in or affecting interstate or foreign commerce by
any means, including by computer;

c.    the defendant knew that such material contained child pornography;

d.    the images involved a prepubescent minor and/or a minor who had not
attained 12 years of age; and

e.    the defendant has a prior conviction under chapter 71, chapter 109A,
chapter 110, or chapter 117, or under section 920 of title 10 (article 120
of the Uniform Code of Military Justice), or under the laws of any State

relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography.

## FACTUAL BASIS

7.   The defendant and the government agree to the following facts, which form the

basis for the entry of the pleas of guilty, including relevant conduct:

a.   On or about May 21, 2012, the defendant JUSTIN CHANNELL was convicted in United States District Court for the Western District of New York (Case No. 11-CR-6088) of a violation of 18 U.S.C. § 2252A(a)(5) (Possession of Child Pornography). The defendant agrees that this conviction is a prior conviction under Chapter 110 of the United States Code relating to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, within the meaning of 18 U.S.C. § 2252A(b)(2).

b.   On or about February 28, 2019, in the Western District of New York, the defendant knowingly possessed more than 150 images of child pornography, as defined in Title 18, United States Code, Section 2256(8), on a Black Samsung Galaxy J3 Luna Pro mobile phone, model SM-S327VL, serial number R28K803M5FF.

c.   The Samsung Galaxy mobile phone was manufactured in China.

d.   Some of the child pornography images depicted prepubescent minors or minors under twelve years old.

e.   At the time the defendant possessed the images, the defendant knew that the images depicted minors engaging in sexually explicit conduct.

## III.   SENTENCING GUIDELINES

8.   The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

4

## BASE OFFENSE LEVEL

9.     The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction set forth in ¶ 1and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.     The government and the defendant agree that the following specific offense characteristics do apply:

   a.     the two level increase pursuant to Guidelines § 2G2.2(b)(2) (material involved a prepubescent minor or a minor under the age of 12 years);

   b.     the two level increase pursuant to Guidelines § 2G2.2(b)(6) (offense involved use of a computer); and

   c.     the three level increase pursuant to Guidelines § 2G2.2(b)(7)(B) (offense involved more than 150 but less than 300 images).

## ADJUSTED OFFENSE LEVEL

11.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 25.

## ACCEPTANCE OF RESPONSIBILITY

12.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 22.

## CRIMINAL HISTORY CATEGORY

13.     It is the understanding of the government and the defendant that the defendant's criminal history category is III.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14.     It is the understanding of the government and the defendant that, with a total offense level of 22 and criminal history category of III, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 120 months, a fine of $15,000 to $150,000, and a period of supervised release of 5 years to life.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

15.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

6

16.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

17.     In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.    REMOVAL

18.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

19.     The defendant understands that the government has reserved the right to:

   a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in

the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

20.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 19-MJ-4069.

## VII.   APPEAL RIGHTS

21.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range set forth in ¶ 14, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range set forth in ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE

24.    The defendant agrees to criminally forfeit to the United States voluntarily all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). These assets include:

a.    Black Samsung Galaxy J3 Luna Pro mobile phone, model SM-S327VL, serial number R28K803M5FF.

25.    The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

26.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final

as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.    The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted.    Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27.    The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets.    The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.    The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

28.     This plea agreement represents the total agreement between the defendant, Justin Channell, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
MEGHAN K. MCGUIRE
Assistant United States Attorney

Dated:  August 29, 2019

I have read this agreement, which consists of pages 1 through 11.   I have had a full opportunity to discuss this agreement with my attorney, Jeffery L. Ciccone, Esq.   I agree that it represents the total agreement reached between me and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.

_____
JUSTIN CHANNELL
Defendant

Dated:  August 29, 2019

_____
JEFFREY L. CICCONE, ESQ.
Attorney for the Defendant

Dated:  August 28, 2019

11